# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-3666

_____

Otis Nichols, Jr.,                          *
                                            *
       Appellant,                    *
                                            *  Appeal from the United States
    v.                               *  District Court for the Western
                                            *  District of Missouri.
Detroit Tool Metal Products Co.,            *
                                            *          [UNPUBLISHED]
       Appellee.                     *

_____

Submitted:  March 28, 2002

Filed:  April 2, 2002

_____

Before WOLLMAN, FAGG, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

     Otis Nichols, Jr., appeals from the district court's[1] grant of summary judgment to his employer, Detroit Tool Metal Products Co. (Detroit Tool), in his action asserting claims under Title VII and the Missouri Human Rights Act (MHRA). Reviewing de novo, see Carter v. Chrysler Corp., 173 F.3d 693, 700 (8th Cir. 1999), and analyzing the Title VII and MHRA claims together, see Gillming v. Simmons Indus., 91 F.3d 1168, 1171 n.2 (8th Cir. 1996), we affirm.

_____

    [1]The Honorable Dean Whipple, Chief Judge, United States District Court for the Western District of Missouri.

Mr. Nichols, an African-American, failed to establish a hostile-work-environment claim.  See Fed. R. Civ. P. 56(e) (requiring "specific facts showing that there is a genuine issue for trial").  Although he maintained that a coworker used racially offensive language in his presence, he indicated that when he complained to Detroit Tool, the company confronted and warned the coworker, and he did not allege that the coworker continued to use the offensive language.  See Carter, 173 F.3d at 700 (plaintiff claiming harassment by non-supervisor must establish, in part, that harassment affected term, condition, or privilege of employment, and that employer knew or should have known of harassment and failed to take prompt and effective remedial action).

Assuming, without deciding, that Mr. Nichols made a prima facie case of disparate treatment with respect to Detroit Tool's not granting him a pay increase when it granted one to similarly situated white employees, we conclude that Detroit Tool--which produced evidence that it had brought the discrepancy to Mr. Nichols's attention upon discovering it, and had voluntarily given him backpay--provided legitimate non-discriminatory reasons for its actions, and that Nichols failed to show these were pretextual. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-05 (1973) (burden-shifting analysis).

Accordingly, we affirm.  See 8th Cir. Rule 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.